*758 OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
In these cases defendants pled guilty based upon a representation by the County Court Judge that a specific sentence would likely be imposed. When defendants appeared for sentencing, however, the County Court Judge indicated that, upon further consideration of the nature of the crime, he could not honor his earlier sentence offer, and that, instead, a lengthier sentence was appropriate. Defendants were then accorded the opportunity to withdraw their pleas, and were granted more than a week’s adjournment so that they could consider their options. Defendants do not argue here that they detrimentally relied upon the original sentencing agreement; instead defendants maintain that specific performance of the sentence agreement is required because no facts came to light subsequent to the original plea agreement, which rendered that agreement improvident.
In People v McConnell (49 NY2d 340, 347) the court stated that "[a] defendant who has not * * * changed his position will generally be entitled to no more than the vacation of his plea if the court concludes that it cannot adhere to the promise given, for the simple reason that vacating the plea restores him to the same position he was in before the plea was taken”. The court, therefore, retains discretion in fixing an appropriate sentence up until the time of the sentencing (see, People v Farrar, 52 NY2d 302, 305-306). Of course, the reasons for departing from the sentencing agreement must be placed upon the record to ensure effective appellate review of the sentencing court’s exercise of discretion (see, People v Danny G., 61 NY2d 169, 174).
In the present cases detrimental reliance is not argued, defendants were afforded ample opportunity to withdraw their pleas, and the County Court sufficiently demonstrated in the record that proper sentencing criteria counseled imposition of a different sanction than that agreed to originally. Consequently, here it cannot be said that the County Court abused its discretion as a matter of law, and thus defendants are not entitled to specific performance of the original sentencing representations.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
*759 In each case: Order affirmed in a memorandum.