■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOFMANN, Appellant.—Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Suffolk County (Namm, J.), both rendered April 13, 1988, convicting him of burglary in the second degree under indictment No. 1163/87 and burglary in the second degree under indictment No. 1556/87, upon his pleas of guilty, and imposing sentences.

Ordered that the sentences are affirmed.

The County Court informed the defendant that it could not, in good conscience, impose the promised sentences due to the nature and extent of the crimes committed and the defendant's criminal history. The defendant was then offered the option of accepting the sentences actually imposed or withdrawing his guilty pleas *(see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). The court gave the defendant two adjournments to consider his options and make a decision. On the sentencing date, the defendant expressly stated that he did not wish to withdraw his guilty pleas but, rather, would accept the sentences proposed by the court. The defendant does not claim that he detrimentally relied upon the original sentencing agreement *(cf., People v McConnell,* 49 NY2d 340; *People v Danny G.,* 61 NY2d 169). Therefore, the court's offer to vacate the guilty pleas was sufficient to restore him to the

position he was in before the pleas were taken, and he is not entitled to specific performance of the original sentence promise (see, People v Schultz, 73 NY2d 757, 758).

We further find that the sentences imposed were not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.