■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WADE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 4, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

While serving a five-year term of probation for driving while intoxicated as a felony, defendant was charged with violating the terms of his probation. Pursuant to a plea agreement, defendant pleaded guilty to the violation of probation and was

to be sentenced to incarceration for one year. At the time set for sentencing, County Court refused to impose the agreed-upon sentence because of new information, including a Nevada driving while intoxicated charge against defendant. Accordingly, defendant withdrew his guilty plea and a hearing on the probation violation was scheduled for one week later.

On the date of the hearing, defendant discharged his assigned counsel and decided to represent himself. He requested a further adjournment to subpoena two witnesses but, following an offer of proof, the request was denied. On the basis of testimony by defendant's probation officer, County Court concluded that defendant violated the terms of his probation. Defendant was sentenced to an indeterminate prison term of 1⅓ to 4 years. This appeal followed.

We affirm. County Court retained discretion in fixing an appropriate sentence up until the time of sentencing *(People v Schultz,* 73 NY2d 757, 758) and the new information of additional alleged wrongdoing by defendant certainly provided the court with sufficient reason to deviate from the plea agreement *(see, supra,* at 758). Accordingly, defendant was properly afforded the opportunity to withdraw his plea which was done *(see, supra,* at 758). Thus, defendant was not improperly denied a one-year sentence.

We also find no merit to defendant's claim that County Court erred by refusing the requested adjournment. Defendant was aware that his counsel had been given a one-week adjournment to prepare and that the hearing was scheduled for that day. His decision to dismiss the assigned counsel on that day was carefully reviewed with the court. Defendant's offer of proof established that the witnesses he sought to subpoena would not present relevant testimony. Under such circumstances, we find no violation of CPL 410.70 (2) in refusing to grant defendant the adjournment. In this regard, we see no denial of defendant's ability to prepare a defense especially in light of County Court's admonitions to defendant about proceeding *pro se* and the adjournment already given.

Finally, there is no evidence that defendant's presentence report was not available to him as required by CPL 390.50 (2). Significantly, there is no indication in the record that defendant sought to review the report. Accordingly, we reject defendant's claim that he was improperly denied the right to review the report.

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.