■ In the Matter of FRANCIS A. GUZMAN, Petitioner, v CLIFFORD T. HARRIGAN, as County Court Judge for the County of Schenectady, Respondent.—Yesawich, Jr., J.

Petitioner was named in four separate indictments. In three of the indictments, each containing two counts, the top count charged defendant with commission of a class A-I felony. In the fourth indictment, numbered 988-43, also a two-count indictment, the first count accused defendant of committing a class A-II felony and the second of committing a class B felony. The accusations contained in the several indictments all related to the criminal sale and/or possession of a controlled substance, cocaine. Appearing before respondent, peti-

tioner entered a plea of guilty to the crime of criminal sale of a controlled substance in the third degree, the class B felony charged in indictment No. 988-43; the plea was taken in full satisfaction of all four indictments. In accepting the plea, respondent made no promises and gave no assurance that the sentence recommended by the prosecutor, 5 to 15 years' imprisonment, would be adopted. Sentencing was adjourned for two weeks to await receipt of a presentence report. Following receipt of that report, respondent *sua sponte* issued a "decision/order" disapproving the plea offer, allowing petitioner to withdraw his guilty plea and restoring all of the indictments to the Trial Calendar. In the decision, respondent indicated that his review of the presentence report, the indictments, Grand Jury testimony and CPL 220.30 (3) (b) (i) motivated his unwillingness to approve the plea arrangement.

Contending that respondent's decision was not based on sound judicial discretion, petitioner commenced the instant proceeding directed at prohibiting respondent from refusing to accept his plea. Although he offers no evidentiary support for his speculation, petitioner suggests that respondent's decision to disapprove the plea bargain was influenced by the activities of a local public interest group.

The petition must be dismissed. CPL 220.30 (3) (b) (i) provides that "[a] plea of guilty * * * for any crime other than a class A felony, may not be accepted on the condition that it constitutes a complete disposition of one or more other indictments against the defendant wherein is charged a class A-I felony as defined in article two hundred twenty of the penal law". As petitioner sought to plead guilty to criminal sale of a controlled substance in the third degree, a class B felony (Penal Law § 220.39), in full satisfaction of the four indictments, three of which contain class A-I felony charges, respondent was powerless to assent to the plea, for doing so would contravene the statute *(see, e.g., People v Bartley,* 47 NY2d 965, 966).

Nor is petitioner now placed, as he urges, in a "no return position" because of the inoperative plea arrangement. Absent a showing that he had been promised that a specific sentence would be imposed, or that he detrimentally changed his position after he initially agreed to the plea, petitioner is entitled to no more than vacatur of his guilty plea *(cf., People v McConnell,* 49 NY2d 340, 347; *People v Pendleton,* 73 AD2d 857).

Petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.