■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EONE CHAPMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Owen, J.), rendered June 14, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a hypodermic instrument, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the court improperly permitted him to withdraw his guilty plea. The record reveals that upon his plea of guilty to attempted

criminal possession of a controlled substance in the fourth degree, the court told the defendant that it would consider a sentence of five years' probation and six months in the county jail if, upon receiving his criminal history, that sentence was appropriate. The People thereafter served a predicate felony statement which reflected two prior convictions in Massachusetts of "[a]ssault and battery [by means of a] dangerous weapon" (Mass Annot Laws ch 265, § 15A). When the defendant appeared for sentencing, the court informed him that as a second felony offender, the minimum sentence the court could legally impose was 3 to 6 years' imprisonment, and offered the defendant leave to withdraw the plea. The defendant accepted the offer.

Upon learning of the defendant's criminal history and believing that it could not legally impose the proposed sentence, the court properly afforded him the opportunity to withdraw his plea and thereby restore himself to the position he was in before the plea was taken. The court was required to do no more (see, People v Schultz, 73 NY2d 757; People v Selikoff, 35 NY2d 227; People v Hofmann, 151 AD2d 604). Having failed to challenge the second felony offender statement, the defendant cannot now be heard to argue that he erroneously relied upon it in withdrawing his plea. In any event, given the defendant's lengthy criminal history, even if, as he maintains, the two convictions listed in the statement do not constitute predicate felonies under New York law, it does not necessarily follow that the court would have imposed the proposed sentence of probation and six months' incarceration (see, People v Selikoff, supra).

We have examined the defendant's remaining contentions and find that they do not warrant reversal of his conviction or a reduction in his sentence. Mangano, P. J., Thompson, Bracken and Rubin, JJ., concur.