■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID D'AVOLIO, Appellant.—Judgment unanimously affirmed. Memorandum: Where, as here, the sentencing court determines that it cannot adhere to its sentencing promise indicated prior to the acceptance of the plea, the proper procedure is to afford defendant the option of either withdrawing his plea or accepting an appropriate sentence *(see, People v Selikoff,* 35 NY2d 227, 238-239, *cert denied* 419 US 1122; *People v Parry,* 150 AD2d 809, 810, *lv denied* 74 NY2d 816; *People v Pittman,* 129 AD2d 592, *lv denied* 70 NY2d 716; *People v Grant,* 99 AD2d 536; *People v Mack,* 84 AD2d 540). Generally, " '[a] defendant who has not * * * changed his position will * * * be entitled to no more than the vacation of his plea if the court concludes that it cannot adhere to the promise given, for the simple reason that vacating the plea restores him to the same position he was in before the plea was taken' " *(People v Schultz,* 73 NY2d 757, 758, quoting *People v McConnell,* 49 NY2d 340, 347).

Here, the court twice properly afforded defendant the option of either withdrawing his guilty plea and proceeding to trial on the original indictment or accepting the proper sentence. Defendant, by declining to withdraw his guilty plea, effectively chose the latter option *(see, People v Grant, supra).*

Finally, the sentence imposed was not harsh and excessive. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present —Doerr, J. P., Denman, Green, Balio and Davis, JJ.