■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE B. TULLOUGH, Also Known as PETER MCKENZIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered February 14, 1991, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant originally pleaded guilty to attempted criminal possession of a weapon in the second degree, with a promised sentence of three and one-half to seven years imprisonment. Thereafter, the County Court informed the defendant that the plea agreement was illegal because he had originally been charged in the indictment with a class B violent felony (robbery in the first degree), and because of his prior criminal record *(see,* CPL 220.10 [5] [d] [ii]). The defendant was then offered the option of withdrawing the previously entered plea and repleading to a class C violent felony, or going to trial. The defendant intimated that he wanted to withdraw his prior plea and to replead rather than to go to trial. He then pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the entire indictment, and was sentenced to an indeterminate term of four to eight years imprisonment. The defendant contends that, since he made no misrepresentation to the court to induce it to enter into the original illegal plea agreement, the "equities weigh strongly in favor of restoration of the original deal". We disagree. The court's offer

to vacate the original plea was sufficient to restore the defendant to the position he was in before he entered into the illegal plea agreement *(see, People v Schultz,* 73 NY2d 757; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v Chapman,* 159 AD2d 717; *People v Hofmann,* 151 AD2d 604), and adequately protected his rights. Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.