■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. TESIERO, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 14, 1990, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant entered a plea of guilty to one count of sexual abuse in the first degree in full satisfaction of a 28-count indictment charging various degrees of rape, sodomy and sexual abuse. The plea was given with the understanding, stated on the record, that County Court would sentence defendant to a prison term of 1½ to 4½ years unless review of the presentence report caused County Court to view that sentence as inappropriate, in which case defendant would be permitted to withdraw his plea. Subsequently, County Court stated that, based upon the information contained in the presentence report, it would not sentence defendant in accordance with the plea bargain. Rather, County Court offered defendant the choice of withdrawing his plea, accepting an indeterminate sentence of 2⅓ to 7 years or, of greatest relevance here, demanding a hearing for the production of evidence on the issue of whether the promised sentence should be imposed. Defendant initially chose the alternative of a hearing but, following a statement by County Court that at the conclusion of the hearing it may withdraw its consent to a sentence of 2⅓ to 7 years and set the matter down for trial, defendant accepted the 2⅓ to 7-year sentence. Defendant now appeals, contending that he should be resentenced to the 1½ to 4½-year term originally promised because County Court's threat of vacating defendant's plea and setting the matter down for trial coerced defendant into accepting the "enlarged" sentence.

There should be an affirmance. In a case such as this, where information disclosed in a presentence report persuades the sentencing court that the negotiated sentence is inappropriate, the proper course is to permit the defendant the choice of either withdrawing his plea or accepting an appropriate sentence *(see, People v Selikoff,* 35 NY2d 227, 240, *cert denied* 419 US 1122; *People v Pittman,* 129 AD2d 592, *lv denied* 70 NY2d

716). Defendant was offered those choices. County Court's offer of yet another choice cannot be considered coercive. Because the record establishes that the promise of 1½ to 4½ years was conditional, and absent a showing that defendant detrimentally changed his position after he entered his plea, defendant is not entitled to specific performance of the original plea bargain *(see, People v Selikoff, supra,* at 238-239; *Matter of Guzman v Harrigan,* 158 AD2d 872, 873). At most, defendant would be entitled to vacatur of his guilty plea *(see, supra),* the very action which he attacks as threatening.

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.