■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES G. WALKER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered February 13, 1992, convicting defendant upon his plea of guilty of the crime of assault in the third degree.

Defendant entered a counseled plea of guilty to assault in the third degree in full satisfaction of an indictment charging two counts of assault in the second degree with the explicit understanding, stated on the record, that defendant would be sentenced to a three-year period of probation. At the time of sentence, however, County Court indicated that it was no longer willing to impose the negotiated sentence in light of its review of the presentence probation report and, particularly, the victim impact statement and communications received from the victim and his family. Accordingly, defendant was given an opportunity to either withdraw his plea or accept a one-year jail sentence (see, People v Tesiero, 184 AD2d 802). Defendant chose the latter alternative and now appeals, contending that he was entitled to specific performance of the unconditional plea bargain.

We disagree with defendant's contention and accordingly affirm. County Court's apparent unconditional acceptance of the negotiated sentence notwithstanding, in the absence of a showing that defendant detrimentally relied upon the original sentencing agreement, County Court retained the discretion to fix an appropriate sentence up to the time of sentencing (see, People v Schultz, 73 NY2d 757; People v Selikoff, 35 NY2d 227, 238, cert denied 419 US 1122). In our view, the record sufficiently demonstrates County Court's reasons for departing from the sentencing agreement and imposing an enhanced sentence. Consequently, it cannot be said that County Court abused its discretion as a matter of law (see, People v Schultz, supra; People v Danny G., 61 NY2d 169, 174) and we see no reason to disturb the sentence imposed.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).