■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL BROWN, Appellant. [615 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 1, 1993, convicting him of criminal possession of a weapon in the third degree,

upon his plea of guilty, and sentencing him to a term of one year imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed, and substituting therefor a sentence of five years probation; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (5).

The record demonstrates that the defendant entered into a plea agreement whereby he was conditionally promised a sentence of probation. However, after initially imposing a term of five years probation on the sentencing date, the court commenced an inquiry into the type of car which the defendant owned and the manner in which he financed its purchase. Apparently dissatisfied with the defendant's responses, the court withdrew the probationary sentence and adjourned the matter for further proceedings to explore the financing of the vehicle. More than two months later, the court held a hearing on the issue and heard testimony from the defendant's mother concerning the manner in which the vehicle was financed. After finding the testimony to be inadequate and lacking in credibility, the court further adjourned the matter so that the defendant could decide whether to withdraw his plea or to accept an enhanced sentence of incarceration for a period of one year. On the adjourned date, the defendant's counsel asked the court to place on the record its reasons for declining to abide by the plea agreement. The court initially declined to do so, stating that "it would be inappropriate under the circumstances". However, after being pressed for a statement of its reasons, the court vaguely observed that its decision was "based on all the circumstances and the nature of the charge in this case". The defendant eventually accepted the enhanced sentence but protested the propriety of the court's actions. We now vacate the one year term of imprisonment and substitute therefor a sentence of five years probation.

It is well settled that where, as in this case, a defendant has not detrimentally changed his position in reliance upon a sentence promise which forms part of his plea agreement, "[t]he court * * * retains discretion in fixing an appropriate sentence up until the time of the sentencing" (People v Schultz, 73 NY2d 757, 758). However, when the court declines to impose the promised sentence, "the reasons for departing from the sentencing agreement must be placed upon the record to ensure effective appellate review of the sentencing

court's exercise of discretion" *(People v Schultz, supra,* at 758; *see, People v Danny G.,* 61 NY2d 169, 174). The sentencing court in this case failed to satisfy this obligation, inasmuch as it never stated an adequate and specific basis for declining to impose the promised sentence. Accordingly, the one year term of imprisonment must be vacated. Moreover, in view of that failure and of the court's extended inquiry into the apparently irrelevant matter of the financing of the defendant's vehicle, we find that the imposition of a sentence of five years probation pursuant to the original plea agreement is appropriate under the circumstances of this case. Sullivan, J. P., Lawrence, Pizzuto and Joy, JJ., concur.