■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON JACKSON, Appellant. [629 NYS2d 147] —Judgment unanimously affirmed. Memorandum: The sentencing court did not

err in imposing an enhanced sentence based upon defendant's failure to appear on the original sentencing date. The court "retains discretion in fixing an appropriate sentence up until the time of the sentencing" *(People v Schultz,* 73 NY2d 757, 758) and may impose an enhanced sentence for a reason not stated in the original plea agreement provided that it affords defendant the opportunity to withdraw his plea *(see, People v Schultz, supra,* at 758; *People v Rosenberg,* 148 AD2d 346, 347). The court twice offered defendant the opportunity to withdraw his plea, informing defendant of the sentence it intended to impose and the consequences of withdrawing the plea. Defendant declined to withdraw the plea, thereby "accepting the proper sentence" *(People v D'Avolio,* 176 AD2d 1245, 1246, *lv denied* 79 NY2d 855). The sentence is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.