■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL JIMENEZ, Appellant. [643 NYS2d 87] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered January 24, 1995, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

Defendant has waived and abandoned his right to challenge on appeal the propriety of his original plea and the circumstances underlying the vacatur thereof by his subsequent uncontested plea of guilty to two counts of first-degree robbery in full satisfaction of the indictment in exchange for the promised, instant sentence (People v Prescott, 66 NY2d 216, 219, cert denied 475 US 1150; People v Mack, 53 NY2d 803). Further, none of defendant's due process claims concerning the propriety of the original plea and subsequent plea vacatur, advanced for the first time on the present appeal, have been preserved for appellate review as a matter of law (CPL 470.05 [2]; People v Iannelli, 69 NY2d 684, cert denied 482 US 914), and we decline to review them in the interest of justice. In any event, we would note that a court may vacate a plea, where, subsequent to acceptance thereof, the court determines that it cannot adhere to its sentence promise which was expressly conditioned upon the appropriateness of the sentence in light of information received from the pre-sentence report or other reliable source (People v Schultz, 73 NY2d 757). Once a court concludes that it cannot adhere to its sentence promise, defendant is entitled only to vacatur of his plea, restoring him to the same position he was in prior to the plea being taken (supra). We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Tom, JJ.