THIRD DEPARTMENT, MAY, 1997

(May 1, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN J. SHECKTON, Appellant. [657 NYS2d 782] —Appeal from a

judgment of the County Court of Montgomery County (Aison, J.), rendered October 10, 1994, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to the crime of attempted burglary in the second degree in satisfaction of a five-count indictment and was promised a sentence which included, *inter alia*, a six-month jail term and probation; however, such sentence was conditioned upon the information contained in the presentence report. Although County Court was aware that defendant had a criminal history, the presentence report, which disclosed an extensive and sometimes violent criminal history, revealed defendant's persistent disregard for and violation of previously imposed sentences of probation and conditional discharge. Consequently, County Court declined to impose the promised sentence and gave defendant the opportunity to withdraw his plea or accept a prison sentence of 1 to 3 years. After a week's adjournment to consider the option, defendant agreed to the increased sentence. Contrary to defendant's contention, we find that County Court did not abuse its discretion in failing to adhere to the original plea agreement. The court retained the discretion to impose an appropriate sentence up until the time of sentencing (*see, People v Schultz*, 73 NY2d 757, 758; *People v Price*, 193 AD2d 853, *lv denied* 82 NY2d 758). In our view, the court sufficiently placed its reasons for departing from the original sentence on the record and gave defendant ample opportunity to withdraw his plea (*see, id.*). Defendant's remaining contentions, including his contention that he detrimentally relied upon County Court's sentencing promise in pleading guilty to a violation of probation charge in Fulton County, have been reviewed and found to be without merit.

Mercure, J. P., White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.