■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY WILTSHIRE, Appellant. [675 NYS2d 321] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (McBrien, J.), rendered June 11, 1997, convicting her of criminal possession of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court, dated September 22, 1997, which denied, without a hearing, the defendant's motion pursuant to CPL 440.20, *inter alia*, to set aside the sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing; and it is further,

Ordered that the appeal from the order is dismissed as academic.

It was error for the Supreme Court to impose an enhanced sentence upon the defendant without placing its reasons for departing from the sentencing agreement on the record to ensure effective appellate review (*see, People v Schultz*, 73 NY2d 757; *People v Brown*, 207 AD2d 408). Although the People assert that the Supreme Court clarified in the defendant's subsequent CPL 440.20 motion that the sentence was enhanced due to the defendant's rearrest, the Supreme Court, in failing to state this reason at the time sentence was imposed, deprived the defendant of the opportunity to challenge the basis of the arrest (*see, People v Outley*, 80 NY2d 702). Accordingly, the matter must be remitted for resentencing.

In view of our determination to vacate the sentence, and because the defendant no longer seeks the alternative relief of vacatur of her plea, the appeal from the denial of her CPL 440.20 motion is dismissed as academic.

We do not reach the defendant's remaining contentions. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.