■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HILL, Appellant. [680 NYS2d 119] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 18, 1997, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant pleaded guilty to the crime of attempted promoting prison contraband in the first degree based upon County Court's commitment that it would sentence defendant as a second felony offender to a prison term of 1½ to 3 years. When defendant appeared for sentencing, County Court informed him that it would not accede to the agreed-upon sentence based upon the information contained in the presentence report. Thereafter, defendant declined the opportunity to withdraw his plea given County Court's commitment to sentence defendant as a second felony offender to a prison term of 2 to 4 years, which sentence the court ultimately imposed. Defendant appeals.

We reject defendant's contention that County Court abused its discretion in failing to abide by the original plea agreement inasmuch as the court retained discretion to impose an appropriate sentence until the time of sentencing (*see, People v Schultz*, 73 NY2d 757, 758; *People v Sheckton*, 239 AD2d 617). County Court adequately noted that its departure from the original agreed-upon sentence was due to the information contained in the presentence report which noted the serious nature of the instant offense, defendant's propensity for

violence and his numerous misconduct reports while incarcerated. Moreover, defendant failed to establish that he irrevocably changed his position in reliance on County Court's initial sentencing promise (*see, People v Schultz, supra; People v McConnell,* 49 NY2d 340, 347). Notwithstanding defendant's contention to the contrary, we do not find the sentence imposed to be harsh or excessive. Defendant's remaining contentions have been reviewed and found to be without merit.

White, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.