(October 21, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA A. AUGUSTINE, Appellant. [697 NYS2d 698] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 31, 1997, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

Defendant was charged with murder in the second degree and two counts of robbery in the first degree as the result of her participation in criminal activities which occurred at the home of 70-year-old George Lutz (hereinafter the victim) on May 16, 1996. Defendant and codefendant Michael McDonnell met the victim at a bar on that date and, after luring him back to his home, robbed him. During the course of the robbery, McDonnell cut the victim's throat and he died the following day.

On October 15, 1996, defendant pleaded guilty to one count of robbery in the first degree in full satisfaction of the indictment and all other pending charges. Pursuant to the plea agreement, defendant was to be sentenced as a second violent felony offender to 11 years in prison and agreed to fully cooper-

ate in the prosecution of McDonnell. In accordance therewith, defendant gave a detailed statement implicating McDonnell in the murder of the victim. McDonnell ultimately pleaded guilty to the crime of murder in the second degree and was to receive a sentence of 25 years to life in prison.

Prior to defendant's sentencing, however, she sent a letter to McDonnell indicating that she gave false testimony in the statement made in connection with her plea. McDonnell's attorney promptly moved to withdraw his plea based upon the letter. After conducting further proceedings, County Court determined that defendant's letter was not a renunciation of her account of events but rather was "the product of a joint venture of [defendant and McDonnell] designed to perpetrate a fraud upon the [c]ourt in an attempt to facilitate [McDonnell's] plea withdrawal". The court concluded that defendant violated the cooperation requirement of the plea agreement and refused to honor the 11-year sentence commitment. After giving defendant the opportunity to withdraw her plea, which she declined, County Court imposed a sentence of 15 years in prison. Defendant appeals.

Defendant argues that County Court improvidently enhanced the sentence and seeks specific performance of the sentence commitment made as part of the plea agreement. Under the particular circumstances presented herein, we find no abuse of discretion in County Court's refusal to sentence defendant to 11 years in prison as agreed under the plea. "Specific performance of a plea agreement is a remedy rooted in concerns of 'essential fairness' " (*People v Curdgel*, 83 NY2d 862, 864, quoting *People v McConnell*, 49 NY2d 340, 349). However, where a defendant by his or her own conduct fails to comply with the obligations placed upon him or her under the agreement, specific performance is not warranted (*see, People v Curdgel, supra*, at 865). In the instant case, defendant violated the terms of the plea agreement by writing the letter contradicting her prior statement and affording McDonnell the opportunity to obtain the vacatur of his own plea of guilty based upon the contents of the letter. This was directly contrary to her agreement to "cooperate" with authorities in the prosecution of McDonnell. Inasmuch as defendant breached an essential term of the plea agreement, she was not entitled to have the provision relating to the sentence enforced.

We further find unavailing defendant's assertion that she was not adequately informed of the conduct which would constitute a breach of the agreement. In proceedings before County Court, the prosecutor summarized the agreement for defen-

dant, stating that "in exchange for your complete cooperation concerning the events surrounding the death of [the victim] * * * and also in exchange for your future testimony at any future proceedings involving * * * McDonnell; that we will agree to a plea of robbery in the first degree with a sentence of 11 years". He advised her that the "agreement is contingent upon [defendant] being 100 percent truthful with respect to all the details of what happened surrounding this incident" and that if "you are misleading us about any of the material facts * * * then we will reserve the right to call off the bargain". He further admonished that "if at some point in the future it comes to light that you are lying to us about something that's occurred or misleading us about a material fact or event, that the sworn statement that you're about to give can be used against you in a prosecution of you". In our view, the foregoing sufficiently apprised defendant that the conduct in which she engaged constituted a breach of the plea agreement.

While defendant correctly notes that her prior statement rendered it impossible to return her to the "status quo ante" if she had withdrawn her plea (see, People v Danny G., 61 NY2d 169, 176; People v McConnell, supra, at 349), that did not mandate specific enforcement of the plea agreement given that defendant deliberately chose not to cooperate with authorities as originally promised and was fully aware that the statement could be used against her in such instance. Notably, County Court retained the discretion to impose an appropriate sentence up to the point of sentencing (see, People v Sheckton, 239 AD2d 617, 618) and, after giving defendant the opportunity to withdraw her plea, sufficiently set forth on the record its reasons for departing from the plea agreement (see, People v Schultz, 73 NY2d 757, 758). Therefore, we find no reason to disturb the sentence imposed by County Court. We have considered defendant's remaining contentions and find them unavailing.

Crew III, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.