■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY W. McROBBIE, Appellant. [699 NYS2d 625] —Judgment

unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25) in satisfaction of a superior court information, defendant contends that he is entitled to specific performance of the original plea agreement. Defendant pleaded guilty based on County Court's promise to sentence him to shock probation. On the date scheduled for sentencing, the court stated that, based on the presentence report, it could not impose that sentence and offered defendant the opportunity to withdraw his plea. The request by defendant for an adjournment to consider his options was granted.

At sentencing the court indicated that the sentence would be 1 to 3 years' incarceration and reiterated that defendant could withdraw his plea. Defendant chose not to do so. Later that day the court brought the parties back to court and stated that, because the offense to which defendant had pleaded guilty was a violent offense, the minimum sentence was required to be half the maximum. Again the court gave defendant an opportunity to withdraw the plea. Defendant declined, stating that he was exposed to a longer sentence if he went to trial. His attorney stated that, if defendant withdrew his plea, the prosecutor had stated that he would file a superseding indictment charging defendant with the original offense, burglary in the second degree. The court agreed that the prosecutor could do that.

Defendant's contention is without merit. Defendant was afforded the opportunity to withdraw his plea at least three times and declined that option after consulting with his attorney (*see, People v Schultz*, 73 NY2d 757, 758; *People v Selikoff*, 35 NY2d 227, 240, *cert denied* 419 US 1122). Defendant contends that specific performance is required because the prosecutor could file a superseding indictment and thus vacatur of the plea would not return defendant to his preplea position (*see generally, People v Schultz, supra*, at 758; *People v McConnell*, 49 NY2d 340, 346-348). We note that a prosecutor may file a superseding indictment at any time before entry of a plea of guilty (*see,* CPL 200.80). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Attempted Burglary, 2nd Degree.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.