(January 28, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BONVILLE, Appellant. [894 NYS2d 208]—

Rose, J.

Defendant shot his son in the head when his pistol discharged during a violent altercation between them. Defendant was charged by indictment with attempted murder in the second degree, assault in the first degree, assault in the second degree and criminal use of a firearm, as well as unlawful dealing with a child in relation to a separate incident involving his 17-year-old

daughter. Defense counsel and the prosecutor negotiated a plea bargain that provided for dismissal of all charges except assault in the second degree and, upon defendant's plea of guilty to the remaining charge, the prosecutor agreed that he would recommend a sentence of three years in prison. The People then moved for dismissal of the other charges pursuant to CPL 210.40, and defendant pleaded guilty to the second degree assault charge.[1] Supreme Court accepted his plea and granted the People's motion, noting on the record that the evidence on the two most serious charges was weak and that trial on those charges would have been a waste of time and judicial resources (*see* CPL 210.40 [3]). At the subsequent sentencing proceeding, however, Supreme Court informed defendant that, based upon its further review of the underlying facts, it would not accept the People's sentence recommendation and would, instead, impose a harsher sentence. Supreme Court then offered defendant the opportunity to withdraw his plea. Defendant did so, but specifically objected to reinstatement of the entire indictment. Nevertheless, Supreme Court then conducted a trial of all of the charges on the original indictment without resubmission of the charges to the same or another grand jury (*see* CPL 210.20 [1] [i]; [4]). The jury found defendant guilty of assault in the second degree as well as unlawfully dealing with a child, and acquitted him of the other charges. Supreme Court then sentenced defendant to seven years in prison with three years of postrelease supervision. Defendant now appeals.

Initially, we cannot agree with defendant's contention that he is entitled to specific performance of the original plea bargain. Once Supreme Court informed defendant of its intent to impose a harsher sentence than defendant had expected, he chose to withdraw his plea. Under these circumstances, defendant would not be entitled to specific performance of the plea bargain unless he had been placed in a "no-return position" in reliance on the plea agreement by, for example, providing information in aid of the prosecution of another criminal case (*People v McConnell*, 49 NY2d 340, 345-346 [1980]; *see People v Herber*, 24 AD3d 1317, 1318 [2005], *lv denied* 6 NY3d 814 [2006]). Here, by pleading guilty, defendant gave up nothing but his right to a trial. Thus, the appropriate remedy for the failed plea bargain was the opportunity to withdraw his plea and proceed to trial (*see People v Selikoff*, 35 NY2d 227, 241 [1974]; *People v Stew-*

---

1. Because the indictment charged defendant with class B armed violent felonies, his plea to assault in the second degree, a class D violent felony, could not be in satisfaction of the entire indictment (*see* CPL 220.10 [5] [d] [i]), and the more serious charges first had to be dismissed.

*art*, 32 AD3d 403, 403 [2006]; *People v Rubendall*, 4 AD3d 13, 19 [2004]; *Matter of Guzman v Harrigan*, 158 AD2d 872, 873 [1990]).

There is, however, merit in defendant's alternate contention that he should have been tried only on the remaining charge of assault in the second degree because all of the other charges were dismissed upon his plea and not properly resubmitted.[2] Inasmuch as defendant withdrew his plea without agreeing to their reinstatement, the subsequent prosecution of those charges was barred by CPL 210.20 (4) (*see People v Capolongo*, 85 NY2d 151, 167 n 9 [1995]; *People v Cook*, 93 AD2d 942, 943 [1983]). Even though defendant was later acquitted of the charges of attempted murder in the second degree and assault in the first degree, the error was not harmless because the evidence submitted regarding the more severe charges could have "induced the jury to find him guilty of the less serious offense" (*People v Mayo*, 48 NY2d 245, 251 [1979]; *see Price v Georgia*, 398 US 323, 331 [1970]). Accordingly, there must be a new trial of only the charge of assault in the second degree.

Our determination makes it unnecessary to consider defendant's remaining contentions.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial on the charge of assault in the second degree.

---

**2.** In fact, the People were precluded from seeking leave to resubmit those charges dismissed at their request (*see People v Strudwick*, 178 AD2d 947, 948 [1991], *lv denied* 80 NY2d 839 [1992]; *People v Sokol*, 97 AD2d 522, 522 [1983]).