Judgment, Supreme Court, New York County (John Cataldo, J, at initial plea of guilty; Ronald A. Zweibel, J., at second plea of guilty and sentencing), rendered May 19, 2011, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of one year, unanimously affirmed.
When defendant entered a second guilty plea and accepted the new sentence provided under that plea agreement, defendant waived his claim that he was entitled to specific performance of his initial plea agreement (see People v Jimenez, 227 AD2d 356 [1st Dept 1996], lv denied 88 NY2d 987 [1996]). As an alternate holding, we reject defendant’s claim.
The sentencing court, which had presided over this case nearly from its outset, had repeatedly rejected defendant’s requests for a disposition involving youthful offender treatment. However, another Justice who briefly presided over the case accepted a plea, over the Feople’s objection, that would have entitled defendant to youthful offender treatment and probation if he met certain conditions. When that Justice retired a few months later, the case returned to the original Justice for sentencing. The court vacated the plea, and defendant ultimately agreed to a new disposition.
The sentencing court properly exercised its discretion in vacating the original plea, since it retained discretion to set an appropriate sentence up until the time of sentencing, and it “sufficiently demonstrated in the record that proper sentencing criteria counseled imposition of a different sanction than that agreed to originally” {People v Schultz, 73 NY2d 757, 758 [1988]) by the other Justice. The fact that defendant took part in a rehabilitation program was not the type of detrimental reliance that would entitle him to specific performance of the original plea bargain as a matter of fairness {see People v Danny G., 61 NY2d 169 [1984] [testifying for prosecution]; People v McConnell, 49 NY2d 340 [1980] [same]).
We perceive no basis for granting youthful offender treatment *503 as a matter of discretion in the interest of justice.
Concur— Gonzalez, EJ., Friedman, Abdus-Salaam, Román and Clark, JJ.