People v Congdon (2022 NY Slip Op 02915)

People v Congdon

2022 NY Slip Op 02915

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

306 KA 20-01352

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON J. CONGDON, DEFENDANT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered July 7, 2020. The judgment convicted defendant upon his plea of guilty of attempted strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted strangulation in the second degree (Penal Law §§ 110.00, 121.12). We affirm.
Initially, defendant's contention that County Court abused its discretion in denying his motion to withdraw the plea survives his purported waiver of the right to appeal (see People v Stafford, 195 AD3d 1466, 1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]). Nevertheless, we reject that contention. "The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court" (People v Smith, 122 AD3d 1300, 1301-1302 [4th Dept 2014], lv denied 25 NY3d 1172 [2015] [internal quotation marks omitted]). Defendant contends that he was coerced into pleading guilty based on, inter alia, the unfulfilled "promise" of the court that he would be admitted into a shock incarceration program. Contrary to defendant's contention, however, the plea colloquy transcript establishes that "neither [his] eligibility for the shock incarceration program . . . , nor his ultimate admission to that program was a condition of the plea" (People v Demick, 138 AD3d 1486, 1486 [4th Dept 2016], lv denied 27 NY3d 1150 [2016] [internal quotation marks omitted]). Indeed, the court specifically advised defendant that it could only recommend that he be enrolled in a shock incarceration program, that the ultimate decision of his enrollment belonged to the New York State Department of Corrections and Community Supervision (DOCCS), and that if DOCCS did not "choose" to enroll defendant in a shock incarceration program, the prison sentence would stand (cf. People v Regan, 199 AD3d 1067, 1068-1069 [3d Dept 2021]; People v Smith, 160 AD3d 1475, 1475-1476 [4th Dept 2018]). To the extent defendant contends that he was promised enrollment in a shock incarceration program based on off-the-record statements, we note that his contention involves matters outside the record on appeal and must be raised via a motion pursuant to CPL 440.10 (see People v Beardsley, 173 AD3d 1722, 1724 [4th Dept 2019], lv denied 34 NY3d 928 [2019]; People v Hodge, 226 AD2d 1124, 1124 [4th Dept 1996], lv denied 88 NY2d 986 [1996]).
Defendant also contends that the court erred in denying his motion to withdraw his plea because the People violated his right to testify before the grand jury (see generally CPL 190.50 [5]). We conclude, however, that defendant waived that particular contention inasmuch as it is undisputed that he did not move to dismiss the indictment "on that ground within five days after he was arraigned" (People v Linder, 170 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1071 [2019] [internal quotation marks omitted]; see CPL 190.50 [5] [c]; People v McCoy, 174 AD3d 1379, 1380 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 [*2]NY3d 994 [2020]).
Finally, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court