People v Cuatt (2022 NY Slip Op 05455)

People v Cuatt

2022 NY Slip Op 05455

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

696 KA 21-00211

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN CUATT, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered January 20, 2021. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the third degree (Penal Law § 155.35 [1]). We affirm.
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because he was not informed at the time of the plea proceeding that he would have to pay restitution. Where, as here, a "plea bargain d[oes] not include restitution, . . . the [sentencing] court . . . err[s] in awarding restitution without affording [the] defendant the opportunity to withdraw [the] plea" (People v Richardson, 173 AD3d 1859, 1861 [4th Dept 2019], lv denied 34 NY3d 953 [2019], reconsideration denied 34 NY3d 1081 [2019]; see People v Williams, 120 AD3d 721, 723 [2d Dept 2014], lv denied 25 NY3d 1078 [2015]). In this case, however, County Court "properly afforded defendant the option of either withdrawing his guilty plea and proceeding to trial . . . or accepting [a] proper sentence" that included restitution (People v D'Avolio, 176 AD2d 1245, 1246 [4th Dept 1991], lv denied 79 NY2d 855 [1992]; see generally People v Maliszewski, 13 NY3d 756, 757 [2009]; People v Jackson, 216 AD2d 950, 951 [4th Dept 1995], lv denied 86 NY2d 796 [1995]). "[B]y declining to withdraw his guilty plea, [defendant] chose the latter option" (D'Avolio, 176 AD2d at 1246; see generally Maliszewski, 13 NY3d at 757; Jackson, 216 AD2d at 951). Defendant's challenge to the validity of the plea on the aforementioned ground thus is not preserved for our review (see People v Williams, 27 NY3d 212, 221-222 [2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that there is no basis in the record supporting the amount of restitution and that the court should have conducted a hearing before determining the amount thereof. That contention likewise is not preserved for our review inasmuch as defendant "did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (People v Horne, 97 NY2d 404, 414 n 3 [2002]; see People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, defendant contends that he is entitled to vacatur of the plea because it was induced by an alleged promise that has purportedly gone unfulfilled "[f]or reasons that are outside the record." Inasmuch as defendant's contention "involves matters outside the record on appeal[, it] must be raised via a motion pursuant to CPL 440.10" (People v Congdon, 204 AD3d 1516, 1517 [4th Dept 2022], lv denied 38 NY3d 1070 [2022]; see generally People v Bradley, 196 AD3d 1168, 1169 [4th Dept 2021]; People v Solas, 106 AD2d 417, 417 [2d Dept 1984]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court