People v Ripley (2022 NY Slip Op 06293)

People v Ripley

2022 NY Slip Op 06293

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

111616
[*1]The People of the State of New York, Respondent,
v
Damon Ripley, Appellant.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered November 28, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was indicted on one count of criminal possession of a weapon in the second degree, stemming from his possession of a loaded semi-automatic pistol found on his person during a traffic stop. During pre-trial hearings, defendant accepted a plea offer pursuant to which he pleaded guilty to the indictment, as reduced on the People's motion, to attempted criminal possession of a weapon in the second degree. As a condition of the reduction and plea agreement, defendant was required to waive his right to appeal and executed a written waiver of appeal. The agreement contemplated a prison sentence of seven years, to be followed by three years of postrelease supervision (hereinafter PRS); County Court indicated its intent to impose the maximum permissible sentence, and the parties appeared to believe that this was the maximum sentence that could be imposed on the reduced charge. At sentencing, when the court announced that it would impose a prison term of seven years with five years of PRS, defense counsel apprised the court that the contemplated period of PRS had been three years; the court reiterated that it had expressed its intent to impose the maximum permitted sentence and, after offering defendant an opportunity to withdraw his guilty plea, which he declined, imposed a prison term of seven years to be followed by five years of PRS, as a second felony offender. Defendant appeals.
We affirm. Regardless of the validity of the appeal waiver (see People v Drayton, 189 AD3d 1892, 1893 [3d Dept 2020]), defendant's challenge to the voluntariness of his guilty plea, premised upon County Court's imposition of a five-year period of PRS rather than the three-year period contemplated by the plea agreement, is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [3]; People v Guerrero, 194 AD3d 1258, 1260 [3d Dept 2021], lv denied 37 NY3d 992 [2021]). Moreover, County Court expressly afforded defendant an opportunity to confer with counsel at sentencing when the issue arose, and advised him of the right to move to withdraw his guilty plea and return to the preplea stage, which defendant declined, expressly accepting the sentence (see People v Thompson-Goggins, 182 AD3d 916, 918 [3d Dept 2020]; see also People v Burnham, 206 AD3d 1368, 1369 [3d Dept 2022], lv denied ___ NY3d ___ [Sept. 30, 2022]; People v Sheckton, 239 AD2d 617, 618 [3d Dept 1997]; compare People v Drayton, 189 AD3d at 1894-1895). "The court . . . retains discretion in fixing an appropriate sentence up until the time of the sentencing" (People v Schultz, 73 NY2d 757, 758 [1988] [citation omitted]; see People v Augustine, 265 AD2d 671, 673 [3d Dept 1999]). Having been afforded ample opportunity in which to [*2]move to withdraw his guilty plea, and having declined, preservation of this claim to the validity of the guilty plea was required, and defendant waived any challenge to the court's imposition of a period of PRS greater than set forth during the plea proceedings (see People v Williams, 27 NY3d 212, 220-222, 224 [2016]; People v Mills, 146 AD3d 1173, 1174 [3d Dept 2017]; see also People v Delorbe, 35 NY3d 112, 119-120 [2020]; cf. People v Hoeltzel, 290 AD2d 587, 588-589 [3d Dept 2002]).
We agree with defendant's contention that the waiver of appeal is invalid (see People v Thomas, 34 NY3d 545, 566 [2019]). To that end, although County Court made clear that a waiver was a condition of the plea, it mischaracterized the scope of the appellate rights being relinquished by the waiver, stating, in overly broad language, that the right to appeal would be "gone forever" and that defendant "can never have it back" (see People v Carney, 207 AD3d 1000, 1000 [3d Dept 2022]; People v Goodwalt, 205 AD3d 1070, 1071 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). As this mischaracterization was not cured by the written waiver of appeal, which also contained some overly broad language (see People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]), "we cannot say that defendant[] comprehended the nature and consequences of the waiver of appellate rights" so as to render it knowing, voluntary and intelligent (People v Bisono, 36 NY3d 1013, 1018 [2020] [internal quotation marks, brackets and citations omitted]; see People v Moore, 201 AD3d 1209, 1210 [3d Dept 2022]). Accordingly, defendant is not precluded from challenging the imposed sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]). Nevertheless, the record fails to disclose that the sentence imposed was "unduly harsh or severe" (CPL 470.15 [6] [b]). Although the maximum period of imprisonment and PRS were imposed for this class D violent felony (see Penal Law §§ 70.06 [6] [c]; 70.45 [2]), defendant has an extensive criminal history dating back to 1991 that includes drug distribution, weapons trafficking and money laundering, and he committed this crime while he was on federal probation. Moreover, the agreement permitted defendant to enter a guilty plea to a reduced felony and avoid a 15-year sentence on the indicted charge (see Penal Law § 70.06 [6] [b]) and potential persistent felony offender sentencing of life in prison (see Penal Law §§ 70.00 [2] [a]; 70.08 [2]; 70.10). We have examined defendant's remaining contentions and find that they lack merit.
Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.