People v Lewis (2025 NY Slip Op 01674)

People v Lewis

2025 NY Slip Op 01674

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

111636B
[*1]The People of the State of New York, Respondent,
v
Shane Lewis, Appellant.

Calendar Date:February 7, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Marshall Nadan, Kingston, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Appeal from a judgment of the County Court of Ulster County (Donald Williams, J.), rendered July 6, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a 12-count superseding indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
As the People concede, defendant's waiver of his right to appeal is invalid. Both County Court's colloquy and the written appeal waiver used overly-broad language suggesting a complete bar to appellate review (see People v Ripley, 210 AD3d 1198, 1200 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]; People v Goodwalt, 205 AD3d 1070, 1071 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). Accordingly, his challenge to the severity of the sentence imposed is not precluded (see People v Lester, 232 AD3d 1056, 1057 [3d Dept 2024]; People v Ripley, 210 AD3d at 1200). Nevertheless, upon our review of the record and in consideration of the advantageous plea, we are not persuaded that the mitigating factors relied upon by defendant, including his substance abuse and mental and physical health issues, render the agreed-upon sentence unduly harsh or severe (see CPL 470.15 [6] [b]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.