OPINION OF THE COURT
Wachtler, J.
In People v McConnell (49 NY2d 340), we held that a defendant who has placed himself in a “no-return” position by carrying out his obligations under a plea agreement is entitled to specific performance of that agreement in cases where no significant additional information bearing upon the appropriateness of the plea bargain later comes to the court’s attention. Defendant, who testified at the trial of an accomplice in full compliance with his part of the bargain, falls squarely within this rule. The court’s refusal to impose the agreed upon sentence having no sufficient justifi *172 cation on this record, defendant is entitled to specific performance of the plea agreement.
Defendant was charged with burglary in the first degree and robbery in the first and second degrees, after he surrendered to the police and admitted his participation in the crimes. He pleaded guilty to burglary in the first degree in full satisfaction of the indictment. During proceedings on the plea, defendant admitted that he, along with four others, broke into complainant’s house through a kitchén window at 2:00 a.m. Defendant waited in the kitchen while the others went upstairs. One of his accomplices came downstairs and said that the complainant was home. The accomplice took a knife from the kitchen and returned upstairs. Shortly after, the four accomplices came back downstairs and defendant left the house with them.
The record indicates that defendant reached an agreement with the Assistant District Attorney in which defendant, in return for his guilty plea, would receive a recommendation for youthful offender treatment and a sentence of probation. The People’s recommendation that the court accept the plea was expressly conditioned upon defendant’s promise to testify for the People should the case against one of defendant’s accomplices proceed to trial. The court, noting that a similar arrangement had apparently been approved by another Judge for two other accomplices, agreed to the terms of the plea agreement, reserving the right to change the sentence should the presentence report contain information indicating that the promised sentence was improper, unrealistic, or inadequate.
Thereafter, defendant testified for the People in the case against his accomplice in accordance with the terms of the plea agreement. When defendant appeared for sentencing, however, the court refused to impose the agreed upon sentence of probation. Although the court did adjudicate defendant a youthful offender as it had promised, the sentence imposed was a 90-day term of imprisonment, to be served intermittently, as well as a term of probation.*
The court listed several factors as affecting its decision to impose a sentence different from that originally recom *173 mended by the People. First, the court noted that although it had considered the plea agreement extremely generous to defendant, it had acquiesced in it because of its belief that other accomplices would be receiving similar treatment. It was subsequently learned that the sentence recommendations as to these others were not accepted and that the prosecutor had erred when he informed the court to the contrary. Secondly, the court indicated that counsel for defendant had immediately been informed of the court’s intention not to abide by the plea agreement, before defendant was produced to testify at the trial of his accomplice. Finally, the presentence report revealed that defendant had been arrested twice since the arrest in this case. Although one charge was dismissed, the other resulted in youthful offender treatment, incarceration, and a three-year probation term. The court viewed the report’s failure to recommend youthful offender treatment as mandating that a term of imprisonment be imposed, notwithstanding the very favorable report on defendant’s performance on probation.
Upon defendant’s appeal from the sentence imposed, the Appellate Division affirmed. Because we do not agree that the circumstances outlined by the sentencing court were sufficient to refuse to abide by the promised sentence after defendant had completed his part of the agreement by testifying for the People, we reverse.
Recently, this court held that an off-the-record promise, although not in express contradiction with the record, made in the course of the plea bargaining process, is not entitled to judicial recognition (Matter of Benjamin S., 55 NY2d 116). In so holding, we reaffirmed the important policy that openness and certainty in plea negotiations are vital to the continued validity of that process (id., at pp 120, 121; see People v Frederick, 45 NY2d 520, 525; People v Selikoff, 35 NY2d 227, 242-244, cert den 419 US 1122). Defendant argues that the contention that he was warned of the court’s intention not to abide by the plea agreement amounts to withdrawal of a sentencing promise which should be deemed unenforceable because it was not placed on the record.
It is clear that the warning referred to by the court is not reflected in the record. When the court indicated at sen *174 tencing that it had warned defense counsel of its change of heart, defense counsel insisted that the court had not done so until after defendant had irrevocably changed his position by testifying for the People. The court then stated that there were minutes reflecting the in-chambers conference on the matter which had taken place well before trial of defendant’s accomplice. These minutes were not produced, nor as was thereafter discovered, had defendant been scheduled for any appearance between his plea and sentencing. The court adhered to its recollection that counsel had been notified of the court’s intention prior to producing the defendant to testify.
We believe this state of facts underscores the need to have all relevant terms of a plea agreement, including the withdrawal of a promise, placed upon the record. In terms of the necessity for certainty in this process, reliance upon the sometimes faulty memories of counsel or the sentencing Judge for such specifics as the date that a given promise was withdrawn, without independent verification, cannot be tolerated. Effective appellate review is all but precluded when the courts below have placed reliance upon off-the-record promises and representations. Moreover, inasmuch as the State may hold the defendant to the precise terms of the plea agreement as stated on the record, as a matter of fairness, defendant should be entitled to no less (see People v McConnell, 49 NY2d 340, 349, supra). Thus, we conclude that the withdrawal of the sentencing promise, not appearing on the record, is entitled to no recognition because of its effect on the plea bargaining process.
The court also noted that its decision not to abide by the sentencing promise was initially reached because similar treatment for two of defendant’s accomplices had not been approved. We agree with defendant that this is an inappropriate basis, in the circumstances of this case, to refuse to honor the sentencing promise. There is no requirement that all participants in a crime be treated equally. Such factors as the extent of actual involvement and circumstances of the individual’s background can, and indeed should, be considered in the sentencing decision (People v Selikoff, supra, at p 234). We note further that while the court, on accepting defendant’s plea, referred to the repre *175 sentation concerning the accomplices’ plea agreements, it did not explicitly condition acceptance of defendant’s plea agreement upon that event. Finally, that the court was misinformed as to the status of related plea negotiations is due to the error of the prosecutor and can in no way be attributed to defendant (cf. People v Da Forno, 53 NY2d 1006). Thus, the mere fact that other participants did not, as had been expected, receive similarly lenient treatment for reasons unknown to us on this record provides no justification for reneging on the plea agreement.
Remaining for our consideration is whether the adverse information contained in the presentence report was sufficiently significant to warrant the court’s refusal to impose the promised sentence. In People v McConnell (49 NY2d 340, supra), this court indicated that, in certain circumstances, specific performance of a plea bargain must be afforded as a matter of essential fairness to defendant. There, defendant had been promised a certain term of imprisonment upon his plea of guilty in exchange for his testimony before the Grand Jury and in subsequent proceedings against the other participants in the crime. Defendant fully performed his obligations, but at sentencing the court refused to go along with the agreed upon sentence on the basis that defendant had participated in the crime in a manner not precisely known to the court upon acceptance of the plea agreement. We held that defendant, who had irrevocably changed his position by testifying for the People, thus waiving his privilege against self incrimination and exposing himself to the risk of retaliation, was entitled to specific performance of his plea agreement. The information coming to the court’s attention after the plea was approved — that defendant had used a knife in addition to beating, punching or kicking the victim — was deemed too insignificant to warrant refusal to honor the bargain that defendant had fully performed.
Essential to our determination that specific performance is warranted under some circumstances is our concern that a defendant who has performed services for the prosecutor, at risk to himself, be treated fairly (see Matter of Chaipis v State Liq. Auth., 44 NY2d 57). Once the defendant has been placed in such a “no-return” position, relegating him *176 to the remedy of vacatur of his plea cannot restore him to the status quo ante, and he should therefore receive the benefit of his bargain, absent compelling reasons requiring a different result. “Of importance also is the detrimental effect on the criminal justice system that will result should it come to be believed that the State can renege on its plea bargains with impunity notwithstanding defendant’s performance” (People v McConnell, supra, at p 349).
In the present case, as in McConnell, defendant fully performed his obligation under the plea agreement. By his testimony for the People, he waived his privilege against self incrimination and assisted in the prosecution of another at the risk of possible retaliation. This irrevocable change in position entitles defendant to specific performance of his plea agreement, inasmuch as the information contained in the presentence report was not so significant as to require a contrary conclusion. The sentencing court found particularly relevant that defendant had been arrested twice since his arrest in this case. As to one arrest, however, the charges were dismissed outright. As to the other, defendant was found guilty of petit larceny, adjudicated a youthful offender and sentenced to 30 days in jail and three years probation. In addition to the fact that both arrests as well as the disposition of the latter took place well before the plea agreement in the present case was accepted, it appears that the presentence report is generally very favorable to defendant. The report, noting that his family situation is extremely stressful, attributed this youth’s few criminal involvements to those difficulties. Defendant’s progress on probation is reported upon in glowing terms; both his remorse and cooperation are documented. Indeed, his current probation officer stated that probation is also indicated as a recommended disposition for this offense.
We conclude that the additional relevant arrest, having been disposed of prior to approval of the plea bargain, is an insufficient basis upon which to refuse to honor the bargain défendant has fully performed, particularly in view of the over-all favorable nature of the presentence report. Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, Queens *177 County, for resentence to a term of probation in accordance with defendant’s plea agreement.

 Defendant refused the court’s offer to withdraw his plea, instead insisting upon specific performance of the plea agreement.