■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WAYNE STERLING, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Rockland County (Edelstein, J.), imposed September 9, 1986, upon his conviction of criminal sale of marihuana in the first degree and attempted criminal possession of a weapon in the third degree, after a plea of guilty, the sentence being two concurrent terms of imprisonment of 1 to 3 years.

Ordered that the sentence is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

The County Court informed the defendant that it could not, in good conscience, impose the promised sentence due to the nature and extent of the crimes. The defendant was then offered the option of accepting the sentence actually imposed or withdrawing his guilty plea *(see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). The court gave the defendant an adjournment for more than one week to consider this and to make a decision. On the adjourned date, the defendant expressly stated that he would not withdraw his plea of guilty and accepted the proposed sentence. The defendant had not so changed his position in reliance on the sentence promise that the withdrawal of his guilty plea would not have restored him to his original position *(cf., People v McConnell,* 49 NY2d 340; *People v Danny G.,* 61 NY2d 169). Therefore, he is not entitled to specific performance of the sentence promise *(see, People v Schultz,* 133 AD2d 862 [decided herewith]).

The sentence imposed was not excessive *(People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Thompson and Sullivan, JJ., concur.