■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY E. SCHAEFER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered August 4, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Vaughn, J.), after a hearing, of that branch of the defendant's omnibus motion which was to enforce the terms of a cooperation agreement he entered into with the prosecution.

Ordered that the judgment is reversed, on the law and the facts, the aforementioned branch of the motion is granted, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

While we agree with the hearing court's findings concerning the existence and terms of the cooperation agreement between the defendant and an Assistant District Attorney, we conclude on this record that the defendant's misrepresentation concerning the nature of the stains on his clothing was not so material as to justify the prosecution's withdrawal from the agreement. Indeed, the evidence of the stains was of comparatively little consequence in light of the Assistant District Attorney's promise to keep the cooperation agreement in effect even after learning of much more serious admissions by the defendant which demonstrated his extensive and knowing participation in the crime *(see generally, People v McConnell,* 49 NY2d 340; *cf., United States v Calabrese,* 645 F2d 1379, *cert denied* 451 US 1018). Moreover, we find that the defendant is entitled to the enforcement of the terms of the agreement in view of his extensive cooperation with the law enforcement authorities pursuant to and in reliance upon the agreement, as such cooperation required that he repeatedly incriminate himself and be exposed to danger while aiding in the police investigation of his codefendant *(see, People v Danny G.,* 61 NY2d 169; *People v McConnell, supra; Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57; *People v Argentine,* 67 AD2d

180). In view of the foregoing, we need not consider the defendant's remaining contentions. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.