■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLUDD, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Miller, J.), imposed May 21, 1986, upon his conviction of attempted murder in the second degree, on his plea of guilty, the sentence being a term of 4 to 12 years' imprisonment.

Ordered that the sentence is affirmed.

Initially the defendant pleaded guilty to the crime of attempted murder in the second degree on January 21, 1986, before Justice Heller with a promise of a sentence of 2 to 6 years' imprisonment, provided the probation report did not indicate a greater sentence was necessary. On the date of the sentence the Judge informed the defendant that based upon information contained in the victim's impact statement in the presentence report, she could not in good conscience impose the promised sentence. The defendant was afforded the opportunity to withdraw his plea of guilty and his application for that relief was granted. The case was thereupon transferred to another Judge for trial.

Thereafter, the defendant again pleaded guilty before Justice Miller. This time the promised sentence was 4 to 12 years' imprisonment which was in fact the sentence imposed. The defendant now seeks specific performance of the original sentence promise.

A defendant is entitled to specific performance of a sentence promise if he has so changed his position, in reliance on the promise, that the withdrawal of his plea of guilty cannot restore him to his original position (see, People v McConnell, 49 NY2d 340; People v Danny G., 61 NY2d 169). The defendant has advanced no argument that his position changed in any way in reliance on the original promise.

Where, as here, the court feels that it cannot, in good conscience, impose the promised sentence because of matters learned after the taking of the plea, the defendant is only entitled to the opportunity to withdraw his guilty plea, which opportunity was afforded him (see, People v Selikoff, 35 NY2d 227, cert denied 419 US 1122; People v Schultz, 133 AD2d 862; People v Sterling, 133 AD2d 865).

We further note that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.