■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GERMAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered April 19, 1988, convicting him of use of a child in a sexual performance (four counts), sodomy in the second degree (16 counts), sodomy in the third degree (12 counts), sexual abuse in the first degree, sexual abuse in the second degree (seven counts) and endangering the welfare of a child (nine counts) under indictment No. 982/87, and use of a child in a sexual performance (10 counts), sodomy in the second degree (two counts), sodomy in the third degree (10 counts), sexual abuse in the second degree (12 counts), and endangering the welfare of a child (six counts) under indictment No. 1290/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim that he is entitled to specific performance of his original plea agreements is without merit. The defendant did not perform any services for the prosecutor under the terms of the original plea agreements and the defendant did not suffer any detriment in reliance upon those agreements *(cf., People v Danny G.,* 61 NY2d 169; *People v McConnell,* 49 NY2d 340; *People v Schaefer,* 136 AD2d 661). The court offered the defendant the choice of either allowing his original pleas of guilty to stand or to withdraw the pleas, restore the defendant's original pleas of not guilty and proceed to trial. Moreover, the court stated that if the defendant chose to proceed to trial, it would offer to change the venue of the trial in order to ameliorate the adverse effects of the media publicity surrounding the defendant's original pleas *(see, People v Lynch,* 23 NY2d 262, 270). Accordingly, the

defendant had an opportunity to restore himself to his preplea status and, thus, was not entitled to specific performance of the original plea agreements *(cf., People v Danny G., supra; People v McConnell, supra; People v Schaefer, supra).*

We further find the defendant's sentences to be appropriate in view of the circumstances of the charged crimes *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.