■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON RICHARDS, Appellant.—

The defendant entered a plea of guilty based upon a representation by the County Court that it would impose a sentence of six months' incarceration as a condition of his receiving five years' probation. At sentencing, the court advised the defendant that it also intended to direct him to pay restitution to the victim. The court then offered the defendant the opportunity to withdraw his plea but the defendant did not accept this offer. Thereafter, the court sentenced the defendant to a period of six months' imprisonment as a condition of his receiving five years' probation and directed the payment of restitution in the amount of $2,500.

In the instant case, the probation report, which included a copy of the victim impact statement, provided a sufficient basis for the court to depart from the original sentencing promise *(see, People v Burton,* 133 AD2d 276; *People v Ifill,* 108 AD2d 202, 204). Moreover, having failed to accept the court's offer to withdraw his plea, the defendant has no claim to specific performance of the original sentencing representations *(see, People v Schultz,* 73 NY2d 757; *People v Sarocco,* 145 AD2d 581).

Nor do we find under the circumstances of this case that the sentence imposed was unduly harsh or excessive. Thompson, J. P., Lawrence, Sullivan, Harwood and Balletta, JJ., concur.