■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIET HOANG, Appellant. [604 NYS2d 448] —Judgment unanimously affirmed. Memorandum: Defendant is not entitled to specific performance of a sentencing agreement of 6 to 18 years. That term was discussed at the plea hearing, but County Court specifically informed defendant that it was

making no sentence promise and stated that it would allow defendant to withdraw his plea if the court "can't or won't sentence [him] as [the court] indicated [it] might do." After the plea hearing and before defendant was sentenced, defendant waived the privilege against self-incrimination and testified as a witness on behalf of a codefendant. That trial was held before the same County Court Judge who accepted defendant's plea. The codefendant was convicted.

At sentencing, County Court indicated that, because of information obtained about defendant's criminal history from the presentence report, as well as defendant's testimony at the trial of the codefendant, which County Court concluded was perjured, it no longer considered 6 to 18 years an appropriate sentence. County Court gave defendant the opportunity to withdraw his guilty plea or agree to be sentenced to concurrent terms of 8 to 24 years. Defendant chose not to withdraw his guilty plea.

On appeal, defendant argues that he was entitled to specific performance of the plea agreement because, by testifying at the trial of the codefendant, he changed his position in reliance upon County Court's sentencing promise. That argument fails. At the plea hearing, County Court specifically informed defendant that there was no sentencing promise. Thus, there was no sentencing promise upon which defendant could rely. Even if there had been, defendant did not testify for the People at the codefendant's trial as a condition of his plea *(cf., People v Danny G.,* 61 NY2d 169; *People v McConnell,* 49 NY2d 340). Defendant voluntarily waived the privilege against self-incrimination and testified on behalf of the codefendant. Under those circumstances, defendant would not have been entitled to specific performance. Finally, County Court placed sufficient reasons upon the record to justify its imposition of a higher sentence *(see, People v Schultz,* 73 NY2d 757, 758). (Appeal from Judgment of Oneida County Court, Buckley, J.—Burglary, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.