■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN GRIMALDI, Appellant. [607 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 4, 1993, convicting him of grand larceny in the third degree, upon his plea of

guilty, and imposing sentence of an indeterminate term of 2⅓ to 7 years imprisonment to run consecutively to a previously imposed Federal sentence of 5 months home detention and 5 years probation.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by (a) reducing the term of imprisonment imposed, from an indeterminate term of 2⅓ to 7 years imprisonment to an indeterminate term of 1⅔ to 5 years imprisonment, and (b) deleting therefrom the provision that the sentence of 2⅓ to 7 years imprisonment is to run consecutively to a previously imposed Federal sentence and substituting therefor a provision that the sentence of 1⅔ to 5 years imprisonment is to run concurrently with the previously imposed Federal sentence; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was engaged in a scheme to defraud various wholesale suppliers of seafood. As a result, he was charged in Federal court with the crime of mail fraud and in State court with the crimes of scheme to defraud in the first degree, fraud in insolvency, grand larceny in the second degree (six counts), and grand larceny in the third degree (three counts).

As a result of negotiations, a written agreement dated December 16, 1991 was entered into by the defendant, the United States Attorney for the Eastern District, and the Suffolk County District Attorney. The agreement provided, *inter alia,* that in return for the defendant's cooperation in ferreting out organized crime in the seafood industry, (1) the Federal prosecutor would recommend a lenient Federal sentence, and (2) the Suffolk County District Attorney would recommend that, upon the defendant's plea of guilty to one count of grand larceny in the third degree (a class D felony), a sentence be imposed with a maximum of five years, to be served concurrently with any previously imposed Federal sentence.

The record, including, *inter alia,* a letter from an Assistant United States Attorney, and the Probation Report, indicates that the defendant furnished this cooperation, and in return received a lenient Federal sentence, i.e., five months home detention and five years probation. The record also indicates that the defendant furnished information which led to several serious felony drug arrests, and that his life was threatened as a result of his activities. Nevertheless, the Supreme Court,

without giving any legitimate reasons on the record, refused to impose the recommended State sentence of an indeterminate term of 1⅔ to 5 years imprisonment. Instead, upon the defendant's plea of guilty to the crime of grand larceny in the third degree (a class D felony), it imposed the maximum sentence of an indeterminate term of 2⅓ to 7 years imprisonment, and again, contrary to the agreement, directed that it run consecutively to the previously imposed Federal sentence.

Under the circumstances, the defendant should receive specific performance of the sentence which the Suffolk County District Attorney recommended he receive. As the Court of Appeals stated in *People v Danny G.* (61 NY2d 169, 175-176): "Essential to our determination that specific performance is warranted under some circumstances is our concern that a defendant who has performed services for the prosecutor, at risk to himself, be treated fairly (see *Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57). Once the defendant has been placed in such a 'no-return' position, relegating him to the remedy of vacatur of his plea cannot restore him to the *status quo ante,* and he should therefore receive the benefit of his bargain, absent compelling reasons requiring a different result. 'Of importance also is the detrimental effect on the criminal justice system that will result should it come to be believed that the State can renege on its plea bargains with impunity notwithstanding defendant's performance' *(People v McConnell* [49 NY2d 340], at 349)". Accordingly, the sentence has been modified to the extent indicated.

We note that appellate review of the defendant's statutory double jeopardy claim was forfeited by his guilty plea *(see, People v Prescott,* 66 NY2d 216, 218, *cert denied* 475 US 1150; *People v Young,* 137 AD2d 777). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.