■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. WOOD, Appellant. [617 NYS2d 248] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his guilty plea was not made voluntarily, knowingly and intelligently because he was frightened and upset when he entered the plea. The record establishes that defendant admitted guilt and entered his plea of guilty with a full understanding of the consequences of the plea. Although defendant contends that he was under duress when he pleaded guilty, the court properly denied the motion to withdraw the plea *(see, People v Thornton,* 167 AD2d 935, *lv denied* 78 NY2d 1082). The further contention of ineffective assistance of counsel was forfeited by defendant's guilty plea *(see, People v Bethany,* 182 AD2d 1084, *lv denied* 80 NY2d 828). Further, there is no showing that the conduct of defendant's attorney infected the plea bargaining process or that defendant entered the plea because of his attorney's poor performance.

The contention that the court erred in failing to state the reason for its departure from the promised sentence is also without merit. The court stated at sentencing that the reason for its departure was its consideration of the victim-impact statements and the presentence report. The court further stated that, if defendant was unwilling to accept the sentence of incarceration, he was entitled to withdraw his guilty plea and proceed to trial. A sentencing court is under no obligation to adhere to a sentencing promise after receiving information affecting the sentence, provided the court affords defendant the opportunity to withdraw his plea *(People v Benjamin,* 181 AD2d 1059). Additionally, the court had informed defendant prior to his plea that, if it was unable to fulfill its promise of a sentence of probation after reviewing the presentence report, defendant would be permitted to withdraw his plea. Given the opportunity, defendant chose not to do so.

Finally, the challenge by defendant to his sentence as harsh or excessive does not survive the waiver of his right to appeal *(see, People v Allen,* 82 NY2d 761; *People v Williams,* 204

AD2d 371). (Appeal from Judgment of Oswego County Court, McCarthy, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.