■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE L. HARRIS, Appellant. [659 NYS2d 617] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Supreme Court erred in failing to sentence defendant in accordance with the plea agreement. Defendant was entitled to specific performance because he irrevocably changed his position in reliance upon the plea agreement by cooperating with the prosecutor, testifying at an unrelated murder trial that resulted in a murder conviction and providing information that led to an unrelated A felony arrest (see, People v Schultz, 73 NY2d 757, 758; People v Danny G., 61 NY2d 169, 175-176; People v McConnell, 49 NY2d 340, 346-348). Although defendant was arrested 13 days after the plea hearing on unrelated drug charges, the condition that defendant not be rearrested was not part of the plea agreement (see, People v Outley, 80 NY2d 702, 713). Moreover, the People did not demonstrate that, as a result of the arrest, defendant's future testimony was rendered valueless (cf., People v Curdgel, 83 NY2d 862, 864). The arrest alone, in our view, does not constitute "significant additional information bearing upon the appropriateness" of the plea agreement that would allow the court to refuse to honor it despite defendant's cooperation (People v Danny G., supra, at 171). We therefore reduce the sentence by imposing the bargained-for sentence of $4^1/_2$ to 9 years' incarceration. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Conspiracy, 2nd

Degree.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.