■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HURLEY, Appellant. [703 NYS2d 780] —Order unanimously affirmed. Memorandum: County Court properly denied defendant's CPL article 440 motion without conducting a hearing (*see,* CPL 440.30 [4] [c], [d]). Defendant concedes on appeal that three of the four grounds alleged are foreclosed from review by CPL 440.10 (2) (a) and (b). The remaining ground lacks merit because the supplemental record on appeal establishes that defendant was afforded funds to hire forensic witnesses. (Appeal from Order of Ontario County Court, Henry, Jr., J.—CPL art 440.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GRAMLING, Appellant. [703 NYS2d 784] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he is entitled to specific performance of the alleged plea agreement. An off-the-record promise made in the course of the plea bargaining process is generally not entitled to judicial recognition (*see, People v Danny G.,* 61 NY2d 169, 173-174; *People v Reyes,* 167 AD2d 920, 921, *lv denied* 77 NY2d 842). The promise that defendant contends was made does not appear in the record, and defendant agreed at the time of his guilty plea that no sentencing promise had been made (*see, People v Salvagni,* 199 AD2d 680; *see also, People v Hoang,* 198 AD2d 896, 897, *lv denied* 83 NY2d 859). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Lamont, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.