■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [732 NYS2d 246] —Appeals by the defendant from (1) two judgments of the Supreme Court, Kings County (Firetog, J., at plea; Tomei, J., at sentencing), both rendered September 23, 1999, convicting him of robbery in the first degree (two counts), robbery in the third degree, attempted

robbery in the third degree, and grand larceny in the fourth degree (two counts) under Indictment No. 7297/98, and sodomy in the first degree (two counts) and sexual abuse in the first degree under Indictment No. 2314/99, upon his pleas of guilty, and imposing sentences, and (2) an amended sentence of the same court, imposed October 4, 1999, modifying the sentences imposed for robbery in the third degree, attempted robbery in the third degree, and grand larceny in the fourth degree (two counts) under Indictment No. 7297/98.

Ordered that the judgments and the amended sentence are affirmed.

The defendant pleaded guilty to several crimes charged in two indictments with the understanding that he would receive particular sentences for all of those crimes. However, the Supreme Court subsequently informed the defendant that based on the victim impact statements contained in the presentence report, it would not impose the promised sentences, and withdrew the defendant's pleas of guilty *sua sponte*. The Supreme Court thereafter reinstated the defendant's pleas of guilty, and he was given the opportunity either to maintain his pleas and accept enhanced sentences or to withdraw his pleas. The defendant decided to maintain his pleas and accept the enhanced sentences.

Contrary to the defendant's contention, the Supreme Court's review of the victim impact statements contained in the presentence report "provided a sufficient basis for the court to depart from the original sentencing promise" (*People v Richards*, 158 AD2d 627; *see, People v Schultz*, 73 NY2d 757; *People v Wood*, 207 AD2d 1001; *People v Fludd*, 137 AD2d 764; *cf., People v Danny G.*, 61 NY2d 169, 174; *People v Pascal*, 103 AD2d 757). Since the defendant does not claim that he detrimentally relied on the original sentencing agreement, and he was given an opportunity to withdraw his pleas, he was not entitled to specific performance of the original sentencing agreement (*see, People v Schultz, supra*; *People v Tabia*, 233 AD2d 346; *People v Richards, supra*).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80). Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.