■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WATTS, Appellant. [764 NYS2d 737] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered April 30, 2002, convicting defendant upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to the contention of defendant, the police initially had the right to approach his stopped vehicle (*see People v De Bour*, 40 NY2d 210, 223 [1976]). Defendant's vehicle was stopped 10 to 15 feet from the curb line in the middle of the road in what one officer characterized as an "open air drug market," and several people were leaning into the window on the passenger side of the vehicle. Upon approaching the vehicle, the officer observed defendant's clothing in a state of disarray, thereby increasing the officer's suspicion of illegal drug activity, and defendant

acknowledged that he did not have a valid driver's license. The officer was then entitled to ask defendant to step out of the vehicle and to interfere with defendant "to the extent necessary to gain explanatory information" (*id.*; *see* CPL 140.50 [1]). When the officer confronted defendant with his suspicions about drug activity, defendant made a voluntary admission that he possessed drugs on his person, thereby providing the requisite probable cause for the officer to arrest him and place him in custody (*see* 140.10 [1]; *De Bour*, 40 NY2d at 223). The fact that the officer did not observe a drug transaction is not dispositive on the issue of the existence of probable cause. "In a probable cause analysis, the emphasis should not be narrowly focused on a recognizable drug package or any other single factor, but on an evaluation of the totality of circumstances, which takes into account the 'realities of everyday life unfolding before a trained officer who has to confront, on a daily basis, similar incidents'" (*People v Graham*, 211 AD2d 55, 58-59 [1995], *lv denied* 86 NY2d 795 [1995]; *see People v Bennett*, 70 NY2d 891 [1987]).

We reject the further contention of defendant that he was in custody when he made the statement admitting his possession of drugs. Supreme Court determined that defendant was not in custody at that time, and we see no reason to disturb that determination (*see People v Wilbert*, 192 AD2d 1109 [1993], *lv denied* 81 NY2d 1082 [1993]; *see also People v Merced*, 239 AD2d 941 [1997], *lv denied* 90 NY2d 907 [1997]). Thus, contrary to defendant's further contention, there is no basis to suppress as the alleged fruit of the poisonous tree the drugs that were subsequently found on defendant. We further reject the contention of defendant that the court erred in refusing to suppress a statement made by defendant after he had been advised of his *Miranda* rights. In determining that defendant made the statement, the court credited the testimony of the officer to whom the statement allegedly was made, and we see no reason to disturb the court's credibility determination (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Collins*, 302 AD2d 958 [2003], *lv denied* 99 NY2d 653 [2003]; *People v White*, 300 AD2d 1149 [2002], *lv denied* 99 NY2d 621 [2003]).

Finally, defendant contends that he was denied effective assistance of counsel in connection with the preliminary hearing and grand jury proceeding. There is, however, "no showing that the conduct of defendant's attorney infected the plea bargaining process or that defendant entered the plea because of his attorney's poor performance" (*People v Wood*, 207 AD2d 1001, 1001 [1994]) and thus we conclude that the contention of

defendant does not survive his valid plea of guilty (*see People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]; *Wood,* 207 AD2d at 1001; *see generally People v Gerber,* 182 AD2d 252, 260-261 [1992], *lv denied* 80 NY2d 1026 [1992]). Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.