People v Maria-Veloz (2004 NY Slip Op 50028(U))

[*1]

People v Maria-Veloz

2004 NY Slip Op 50028(U)

Decided on January 21, 2004

Supreme Court, New York County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2004

Supreme Court, New York County,
 THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, - -
against
ZENEIDA MARIA-VELOZ, Defendant.
[FN1]
SCI.# 4944/03

Laura A. Ward, J.
 On August 7, 2003, the defendant was arraigned on a felony complaint which charged the defendant with Criminal Sale of a Controlled Substance in the First Degree (Penal Law "PL" § 220.43[1]), Criminal Possession of a Controlled Substance in the First Degree (PL § 220.21[1]), and Criminal Possession of a Controlled Substance in the Third Degree (PL § 220.16[1]). The case was adjourned first to August 11, 2003, and then to September 22, 2003, for possible disposition. On September 22, 2003, the defendant plead guilty to criminal possession of a controlled in the third degree with the understanding that she would receive a sentence of three to nine years incarceration.
The defendant contends that she was not sure whether she wanted to testify before the grand jury. The defendant asserts that on August 8, 2003, the Assistant District Attorney ("ADA") assigned to this case informed her lawyer that if the defendant plead guilty prior to being indicted, the plea offer would be a sentence of two to six years in jail. On the same day, defense counsel sent a letter to the ADA which stated that "[t]his is to confirm our telephone conversation today that my Client is waiving her rights under CPL § 180.80 from August 11th, 2003, to the close of business on September 22nd 2003." (Exhibit 8 of the defendant's motion) The letter does not contain any reference to any plea offer. The defendant contends that the ADA told her attorney that if on August 11, 2003, the defendant waived her rights under CPL § 180.80, the two to six year offer would remain open. The defendant states that on August 11, 2003, she waived her rights under CPL § 180.80, so that she would be able to plead guilty at the next court appearance and receive a promised of two to six years in jail. The People assert that on August 11, 2003, various plea offers were discussed and that the ADA did tell defense counsel that she [*2]believed that two to six years incarceration seemed like a reasonable offer. The People state that as of August 11, 2003, no firm offer was made to the defendant. According to the People, between August 11, 2003 and September 22, 2003, the ADA discussed several plea offers with defense counsel, all with greater minimum periods of incarceration than the initial offer.[FN2] The final offer was a sentence of incarceration of three to nine years. The defendant now moves for specific performance of the offer of two to six years incarceration, asserting that she "detrimentally relied on the prior plea offer of 2 to 6 years of incarceration by waiving her rights under CPL Section180.80 from August 11th 2002, to September 22, 2003, and that she should be entitled to specific performance of this plea offer." (Defendant's motion at p. 7)
The transcript of the defendant's plea of guilty establishes that the defendant knowingly, intelligently, and voluntarily plead guilty. The defendant, having sworn to tell the truth, was asked if she was satisfied with her attorney and if she "had enough time to discuss the plea and sentence with" her attorney. She replied "Yes" to both questions. (Transcript ["Tr."] at p. 6) The defendant was asked if anyone was forcing her to plead guilty and she responded "No". (Tr. at p 7) The defendant was then asked
THE COURT: Did anybody promise you any sentence other than a sentence of three to nine years in jail and that there is a possibility that you would be considered for what is called SHOCK incarceration. If you do not get SHOCK incarceration, you would be doing a minimum of three years and a maximum of nine years. Do you understand that?
THE DEFENDANT: Yes
THE COURT: Now, were there any other promises made to you?
THE DEFENDANT: No.
 (Tr. at p. 8) Clearly, the defendant plead guilty with full knowledge of, and agreement to, the promised sentence of three to nine years in jail. At no time did the defendant inform the court that a sentence of less than three to nine years in jail had been promised.
Sentencing is the province of a judge. (People v. Felix, 58 NY2d 156, 161[1983]) While it is proper for the prosecutor and the defense counsel to negotiate the sentence a defendant would receive in exchange for a plea of guilty, that negotiated sentence serves merely as a recommendation the prosecutor makes to the judge presiding over the defendant's guilty plea. However, it is the court that has the ultimate control in promising the sentence a defendant will receive in exchange for his or her plea. (People v. Selikoff, 35 NY2d 227, 241[1974]) Therefore, the judge may accept, reject, or modify the sentencing recommendation made by the prosecutor.
[*3]
Clearly, a motion to withdraw a plea that was induced by an unfulfilled promise must be granted. (People v. Selikoff, 35 NY2d at 241) However, any unfulfilled off-the-record promise that induced a defendant to plead guilty does not require vacating the defendant's guilty plea, especially when that off-the-record promise is unequivocally refuted by the minutes of the defendant's plea. (In the Matter of Benjamin S.v. Kuriansky, 55 NY2d 116, 120[1982]; People v. Frederick, 45 NY2d 520, 526 [1978]; People v. Diaz, 170 AD2d 395, 396 [1st Dep't, 1991] appeal denied 78 NY2d 954 [1991])
In this case the transcript of the defendant's guilty plea clearly establishes that the defendant understood that, in return for her pleading guilty, she would be sentenced to a period of incarceration of three to nine years. Additionally, the defendant stated unequivocally that no other promises were made to her. Therefore, whether an off-the-record promise was made to the defendant is irrelevant. The record totally refutes the defendant's assertion that she was promised a term of imprisonment of two to six years in exchange for pleading guilty.
Based upon the foregoing, the defendant's motion must be denied. However, the defendant refers the court to several cases that the defendant claims support her position that she is entitled to be sentenced to two to six years incarceration.
The defendant cites several cases for the proposition that a defendant who has acted to his or her detriment by relying on an original promise may be entitled to specific performance, (People v. Danny G, 61 N.Y.2d 169 [1984]; People v. McConnell, 49 NY2d 340 [1980]; People v. Grimaldi, 200 A.D.2d 687 [2nd Dep't, 1994]; People v. Jones, 99 AD2d 1 [3rd Dep't, 1984]) and that "[o]nce the defendant has been placed in such a "no-return" position, relegating him to the remedy of vacatur of his plea cannot restore him to the status quo ante, and he should therefore receive the benefit of his bargain, absent compelling reasons requiring a different result." (People v. Danny G, at p. 175)
These cases are clearly distinguishable from the instant case. Each of the cases involve the failure of the court to comply with plea agreements that appeared on the record. In People v. Danny G., supra, the prosecution made a recommendation to the court regarding the sentence the defendant would receive in exchange for his plea of guilty and testifying for the prosecution at the trial of an accomplice. The record revealed that the court accepted the prosecution's recommendation and the defendant plead guilty with the prosecutor's recommendation being the sentence promised to the defendant upon his guilty plea. When the defendant came before the court to be sentenced, the court, citing several reasons, informed the parties that it was going to sentence the defendant to a greater sentence than that previously agreed to in open court. The court stated that he had warned defense counsel, prior to the defendant testifying for the prosecution, that the court would not be bound by its promise if information contained in the probation report indicated that a harsher sentence was more appropriate. Defense counsel disputed the existence of the warning. The Court of Appeals found that since the warning was not reflected in the minutes of any proceeding, the warning was not entitled to judicial recognition and therefore, the defendant should have been sentenced to the [*4]promise that was set forth in the minutes of the defendant's guilty plea.
In People v. McConnell,supra, the defendant was promised by the court that if he testified truthfully in proceedings against other individuals involved in the crime that he was charged with, the defendant would not receive a sentence of more than 10 years in jail. This promise was reflected in the minutes of the defendant's guilty plea. The defendant complied with the terms of the plea. At sentence, the judge, who also presided over the trial of the case in which the defendant testified, informed the parties that he was going to impose a 15 year sentence. The judge based the increase in the sentence upon information revealed at the trial. The Court of Appeals held that the defendant should have been sentenced in accordance with the promised sentence which was memorialized in the minutes of the defendant's guilty plea.
The facts in People v. Grimaldi,supra, differ slightly from those in Danny G. and McConnell. In Grimaldi a written agreement was entered into by the defendant and the prosecution which called for a particular sentence in exchange for the defendant's cooperation with the prosecution in the investigation of organized crime in a particular industry. The defendant complied with the terms of the agreement. When the court sentenced the defendant, it ignored the terms of the agreement and sentenced the defendant to a greater period of imprisonment than that set forth in the agreement. The Appellate Division held that since the defendant complied with the terms of the agreement, he was entitled to specific performance of the sentence agreed upon in the agreement.
Finally, in People v. Jones, supra, the court "expressly promised that defendant would receive a sentence of not more than 60 days in jail and a $500 fine, with the sole proviso being that upon the court's review of the presentence probation report, if 'something shows up that indicates to me a more severe sentence should be imposed, why, then, of course, the commitment here no longer stands. I will, however, permit you to withdraw your plea of guilty * * *'." (at p. 2) At the time of sentencing, the court stated that there was nothing in the probation report that indicated the need for a harsher sentence than previously agreed upon but, "declared its intention, however, to impose a term of probation in addition to the sentence previously promised on the ground that it was through inadvertence that it did not 'mention' the additional term of probation at the pre-plea conference or when the plea was taken." (at p. 2). The Appellate Division held that since the court stated that there were no unknown facts set forth in the probation report, the defendant was entitled to specific performance of the on the record promise.
The defendant's alleged agreement with the prosecutor is not reflected any where in the record and is in fact refuted by the defendant's statement to the court that no promises other than the three to nine year sentence were made to her. Additionally, the defendant's claim that she relied to her detriment on the offer of two to six years is nothing more than an unsubstantiated claim. First, there is no reference anywhere in the record that the defendant relied upon the two to six year sentence in deciding to waive her rights pursuant to CPL § 180.80. Second, defense counsel's letter to the prosecutor, written to memorialize the phone [*5]conversation during which the offer of a sentence of two to six years was allegedly pending, fails to mention any agreed upon sentence.
The defendant's motion for specific performance is denied and the defendant will be sentenced to the sentence promised by the court, of three to nine years in jail.
The foregoing is the decision and order of the court.
Copies of the decision shall be mailed to the parties.
Dated: New York, New York
January 21, 2004
 Laura A. Ward
 Acting Justice Supreme Court
Decision Date: January 21, 2004
Footnotes

Footnote 1: On November 25, 2003, the court denied the defendant's motion for specific performance and sentenced the defendant to three to nine years incarceration. This decision sets forth the basis of the court's ruling. 

Footnote 2: The increased offer was based upon the People receiving the laboratory report and fingerprint evidence.