◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY DOZIER, Appellant. [772 NYS2d 774]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 6, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of five years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]), defendant contends that the sentence imposed, i.e., a determinate term of imprisonment of eight years, is in violation of County Court's sentencing commitment of a determinate term of imprisonment of five years, set forth on the record at the time of the plea. We agree. When defendant informed the court of the discrepancy at the time of sentencing, the court responded that, according to its own recollection of the terms of the plea agreement, it had agreed to sentence defendant within a range of imprisonment of 5 to 10 years. The transcript of the plea agreement conclusively establishes, however, that the court stated at the time of the plea that its "sentencing commitment is to a definite [*sic*] sentence of five years." We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to the bargained-for sentence of a determinate term of imprisonment of five years (*see generally People v Harris,* 239 AD2d 944 [1997]; *cf. People v Austin,* 275 AD2d 913 [2000]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.