■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO R. BOMASUTO, Appellant. [775 NYS2d 660]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered May 13, 2002. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that County Court erred in advising him at the time of sentencing that it was unable to keep its sentence commitment of a term of imprisonment of five years and in sentencing him to a term of imprisonment of eight years when he declined the court's offer to withdraw the plea. We reject that contention. The court advised defendant at sentencing that it was unable to keep its commitment in light of the information it obtained through the victim impact statement of defendant's cousin, whose home defendant had burglarized, and the remarks made at sentencing by the husband of defendant's cousin (*see People v Wood*, 207 AD2d 1001 [1994]; *see also People v Arroyo*, 284 AD2d 735, 736 [2001], *lv denied* 96 NY2d 916 [2001]). Contrary to the contention of defendant, the fact that he pleaded guilty in Erie County to unrelated charges did not place him in a " 'no return' position" with respect to the plea herein (*People v Danny G.*, 61 NY2d 169, 175 [1984]). The plea herein was not conditioned upon the proceedings in Erie County, nor did defendant perform any services for the prosecution in exchange for his plea. Thus, defendant would have been returned to his preplea status had he elected to withdraw his plea (*cf. id.* at 176; *People v Harris*, 239 AD2d 944 [1997]). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.