■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN O'BRIEN, Appellant. [859 NYS2d 690]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered April 12, 2005, convicting him of criminal sexual act in the second degree (three counts), endangering the welfare of a child, and possessing a sexual performance by a child (10 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court improperly refused to honor the sentencing promise made to him by another judge at a prior plea hearing is unpreserved for appellate review, as the defendant made no objection at sentencing when the County Court indicated it would not honor the promise (*see* CPL 470.05 [2]; *People v Marinaro,* 45 AD3d 867, 868 [2007]). In any event, the contention is without merit. A court is under no obligation to adhere to a sentencing promise after receiving information affecting the sentence, provided the court affords the defendant the opportunity to withdraw his plea (*see People v Wood,* 207 AD2d 1001 [1994]; *see also People v Fludd,* 137 AD2d 764, 765 [1988]). Here, the presentence investigation report provided a sufficient basis for the County Court's refusal to honor the sentencing promise (*see People v Jones,* 287 AD2d 741, 742 [2001]; *People v Richards,* 158 AD2d 627 [1990]; *People v Burton,* 133 AD2d 276, 277 [1987]). Accordingly, the County Court's determination to afford the defendant an opportunity to withdraw his plea of guilty to all counts of the indictment, rather than impose the promised sentence, was not an improvident exercise of its discretion (*see People v Fludd,* 137 AD2d at 765; *see also People v Selikoff,* 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]; *People v Wood,* 207 AD2d at 1001).

The defendant's contention that certain portions of the testimony of the People's expert witness constituted impermissible bolstering of the complainant's testimony is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garcia,* 205 AD2d 554, 555 [1994]; *People v Naranjo,* 194 AD2d 747, 748 [1993]). In any event, the County Court did not err in admitting the testimony at issue since it pertained to matters beyond the ken of the typical juror (*see People v Keindl,* 68 NY2d 410, 422 [1986]) and helped the jury draw conclusions based on facts adduced at trial (*id.*; *see People v Cronin,* 60 NY2d 430, 433 [1983]). In addition, the court gave a proper limiting instruction (*see People v Sturdivant,* 277 AD2d 607, 608 [2000]; *People v Kukon,* 275 AD2d 478, 479 [2000]). Moreover, the testimony

was properly admitted to rebut the defendant's attempt, on cross-examination, to impair the complainant's credibility in the face of inconsistencies in his testimony (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Taylor,* 75 NY2d 277, 288 [1990]). To the extent the defendant argues that the prosecutor improperly relied upon the challenged portions of the expert testimony during his summation, the claim is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the claim is without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83-85 [1982]). The record establishes that, in determining the sentence, the County Court properly considered appropriate sentencing factors (*see generally People v Farrar,* 52 NY2d 302, 305-306 [1981]). Moreover, the sentence imposed fell within statutory parameters (*see People v Hobson,* 43 AD3d 1179, 1180 [2007]; *People v Drakes,* 159 AD2d 718, 719 [1990]), and consecutive sentences were authorized since each count for which they were imposed constituted a separate and distinct act (*see* Penal Law § 70.25 [2]; *People v Dallas,* 31 AD3d 573, 573-574 [2006]; *People v Harrington,* 3 AD3d 737, 739 [2004]).

The defendant's remaining contention is without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.