■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. JONES, Appellant. [888 NYS2d 831]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered November 14, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree, endangering the welfare of a child (two counts), criminally using drug paraphernalia in the second degree (four counts) and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We reject the contention of defendant that he was entitled to specific performance of the original plea agreement. The record establishes that "defendant did not perform any services for the prosecutor under the terms of the original plea agreement[,] and [that he] did not suffer any detriment in reliance upon [that] agreement[ ]" (*People v German*, 153 AD2d 588, 588 [1989], *lv denied* 75 NY2d 813 [1990]; *cf. People v McConnell*, 49 NY2d 340, 347 [1980]). The sentence is not unduly harsh or se-

vere. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.