THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MATYJEWICZ, Appellant. [915 NYS2d 498]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 10, 2010, convicting him of criminal mischief in the third degree and criminal mischief in the fourth degree, upon his plea of guilty, and imposing a sentence of determinate terms of 11 months of imprisonment for each count, to run concurrently with each other.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of criminal mischief in the third degree under the first count of the indictment, vacating the sentence imposed thereon, dismissing that count of the indictment, and vacating the sentence imposed upon the conviction of criminal mischief in the fourth degree under the second count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, before a different judge, for resentencing in accordance herewith.

Pursuant to a negotiated disposition, the defendant entered a plea of guilty to the class E felony of criminal mischief in the third degree (Penal Law § 145.05 [2]) and the class A misdemeanor of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), with the understanding that, if he satisfactorily completed 210 hours of community service, the felony plea would be vacated and he would be sentenced to a three-year term of probation for the misdemeanor conviction. The record reflects, and it is undisputed, that the community service obligation was the only condition imposed upon the defendant. The defendant satisfactorily completed the community service and thereafter appeared in court on two dates set for sentencing proceedings. Thereafter, on the third adjourn date, the defendant was not present in court and he appeared the following day. The Supreme Court declined to sentence him to a term of probation pursuant to the negotiated plea and imposed a sentence of incarceration.

As the People correctly concede, under the circumstances, the defendant cannot be restored to his pre-plea status by allowing him to withdraw his plea of guilty, and as a matter of essential fairness, he is entitled to the benefit of the plea agreement (*see People v Danny G.*, 61 NY2d 169, 175-176 [1984]; *People v McConnell*, 49 NY2d 340, 349 [1980]; *People v Grimaldi*, 200 AD2d 687, 689 [1994]; *cf. People v Rubendall*, 4 AD3d 13, 19 [2004]). Accordingly, the judgment must be modified to vacate the defendant's conviction of criminal mischief in the third degree and the sentence imposed thereon, and we remit the matter to the Supreme Court, Kings County, for resentencing on the conviction of criminal mischief in the fourth degree pursuant to the terms of the negotiated plea. In light of the sentencing judge's conduct, including sentencing the defendant based upon the violation of a condition not previously imposed upon the defendant as part of his plea agreement and making intemperate remarks, the resentencing should be held before a different Justice (*see People v Garcia*, 69 AD3d 1229 [2010]; *People v Lodge*, 54 AD3d 875 [2008]). Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.