People v Drexler (2018 NY Slip Op 05331)





People v Drexler


2018 NY Slip Op 05331


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-05464
 (Ind. No. 7560/15)

[*1]The People of the State of New York, respondent,
v
Michael Drexler, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Elizabeth Foley, J.), rendered April 18, 2016, convicting him of grand larceny in the third degree and disorderly conduct, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of grand larceny in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Pursuant to a negotiated disposition, the defendant entered a plea of guilty to grand larceny in the third degree and disorderly conduct, with the understanding that if he completed 15 days of community service, the felony conviction would be vacated and he would be sentenced only with respect to the violation. The community service obligation was the only condition imposed upon the defendant, and it is undisputed that he satisfied that condition. However, because the defendant was rearrested prior to sentencing, the Supreme Court declined to vacate the grand larceny conviction and imposed a sentence of incarceration thereon.
The defendant contends, and the People correctly concede, that under the circumstances, as a matter of essential fairness, the defendant is entitled to the benefit of the plea agreement (see People v Danny G., 61 NY2d 169, 175-176; People v McConnell, 49 NY2d 340, 349; People v Matyjewicz, 80 AD3d 779, 780).
Accordingly, we modify the judgment by vacating the conviction of grand larceny in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court