People v Goodwin (2022 NY Slip Op 01254)





People v Goodwin


2022 NY Slip Op 01254


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Ind. No. 220/15 Appeal No. 15387 Case No. 2019-3480 

[*1]The People of the State of New York, Respondent,
v
Ken Goodwin, Defendant-Appellant.


Levitt & Kaizer, New York (Zachary S. Segal of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J. at vacated plea; Margaret L. Clancy, J. at jury trial and sentencing), rendered March 7, 2019, convicting defendant of manslaughter in the second degree and assault in the second degree, and sentencing him to an aggregate term of three to nine years, consecutive to a sentence in another case, unanimously affirmed.
Defendant was charged by indictment with murder in the second degree, manslaughter in the first degree, attempted assault in the first and second degrees, assault in the second degree, and other crimes, based on allegations that in September 2014, he stabbed four individuals causing the death of one individual.
In November 2017, following plea negotiations defendant entered a plea of guilty to second-degree manslaughter in exchange for a promised sentence of three to nine years that was to run concurrently with his 12-year sentence in an unrelated New York County case. Prior to sentencing, the plea court learned, through the presentence report and other sources of information, of allegations of witness tampering as well as particulars of defendant's past criminality, including possible gang affiliation, none of which the plea court had previously been aware. At sentencing, the court stated that based upon this new information, it would not sentence defendant to a concurrent sentence, as such a sentence would be inappropriate. The court offered defendant the opportunity to withdraw his guilty plea, to which counsel agreed, stating that since the court was not abiding by its promise, defendant was withdrawing his guilty plea. The court vacated the plea, and the case was set down for trial. At trial, defendant was acquitted of second-degree murder, first-degree manslaughter, and attempted second-degree murder. He was convicted of second-degree manslaughter and second-degree assault. Defendant was sentenced as stated above.
Based on the additional facts, the plea court, as it was entitled to do (see People v Schultz, 73 NY2d 757, 758 [1988]; People v Selikoff, 35 NY2d 227, 238 [1974], cert denied 419 US 1122 [1975]), determined that the promised sentence of concurrent time was too lenient and that a consecutive sentence should be imposed. Defendant does not dispute that the plea court was well within its right not to impose the promised sentence once it learned of the additional facts (see id.). Rather, defendant argues that the plea court erred in vacating defendant's plea where defendant did not personally consent to the withdrawal. The transcript of the proceedings indicates the following colloquy:
"THE COURT: I don't know if you are going to move to withdraw the plea or not. I don't know the defense's plan. You — — actually, the option is yours right now, if you want to move to withdraw the plea or do something else, that's your option or whatever else you want to choose.
DEFENSE ATTORNEY: You haven't indicated what plea you would give him.
THE COURT: Well, I already indicated [*2]that I'm not going to go forward with concurrent sentencing, okay?
DEFENSE ATTORNEY: We are not requesting an adjournment. . .
THE COURT: I will take this as you are not moving to withdraw the plea. And then — —
DEFENSE ATTORNEY: Take it any way you want.
THE COURT: If you are not moving to withdraw the plea, then I can actually pronounce the sentence that I think is appropriate on the pleas that have been taken.
DEFENESE ATTORNEY: No that's not so, sir.
THE COURT: That actually is.
DEFENSE ATTORNEY: I'm not doing that.
THE COURT: Okay. So do you wish to have an adjournment to decide whether you are going to withdraw the plea, or do you want me to adjourn it for sentencing?
DEFENSE ATTORNEY: If the plea is before you, we will withdraw the plea.
THE COURT: If the plea is before me?
DEFENSE ATTORNEY: Before you, we will withdraw the plea.
THE COURT: If the plea — —
DEFENSE ATTOREY: For the reason set forth on the record before.
ASSISTANT DISTRICT ATTORNEY: The plea is already done.
THE COURT: I don't understand.
DEFENSE ATTORNEY: If the sentencing as such is before you, I am asking that that [sic] plea be withdrawn.
THE COURT: I'm the only sentencing judge here.
DEFENSE ATTORNEY: Well then, plea is then withdrawn.
THE COURT: So you are moving to withdraw your plea?
DEFENSE ATTORNEY: Absolutely"
Based upon this record, we cannot conclude that once defendant, who was present at sentencing, was informed that the plea court intended to impose a consecutive sentence as opposed to a concurrent sentence, he did not consent to the withdrawal of the plea or that he did not authorize his attorney to withdraw his guilty plea.
Even assuming, without deciding, that defendant did not consent to the withdrawal of his guilty plea, defendant has failed to establish how he was harmed by the withdrawal of the guilty plea (see e.g. People v Costa, 147 AD3d 970 [2d Dept 2017], lv denied 29 NY3d 1077 [2017]; People v Fludd, 137 AD2d 764 [2d Dept 1988], lv denied 71 NY2d 1026 [2d Dept 1988]). The logical import of defendant's argument is that he would have in fact accepted the plea court's imposition of a sentence of consecutive time, which is the same sentence defendant received after trial.
There is no ground for overturning the verdict after trial. Contrary to defendant's arguments, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]), and there was no view of the evidence, viewed in the light most favorable to defendant, to support a jury charge on justification (see People v Brown, 33 NY3d 316 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022